IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NORTHERN TRUST, NA, | ) | CIVIL NO. 11-00531 LEK-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KENNETH I. WOLFE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**ORDER DENYING DEFENDANT/COUNTERCLAIMANT KENNETH I. WOLFE'S MOTION FOR RELIEF UNDER FRCP RULES 59(e) AND 60(b)**

Before the Court is Defendant/Counterclaimant Kenneth I. Wolfe's ("Wolfe") Motion for Relief Under FRCP Rules 59(e) and 60(b) ("Motion"), filed on February 11, 2013. [Dkt. no. 77.] Plaintiff/Counterclaim Defendant Northern Trust, NA ("Northern Trust") filed its memoranda in opposition to the Motion on February 28, 2013. [Dkt. no. 84.] Wolfe filed his reply on March 15, 2013. [Dkt. no. 88.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, Wolfe's Motion is HEREBY DENIED for the reasons set forth below.

**BACKGROUND**

The relevant factual and procedural background in this

case is set forth in this Court's January 31, 2013 Order Granting Northern Trust's Motion for Summary Judgment as to the Complaint, Interlocutory Decree of Foreclosure, and Order of Sale, and Granting Northern Trust's Motion to Dismiss Defendant Kenneth I. Wolfe's First Amended Counterclaim ("1/31/13 Order").  2013 WL 398751.  Judgment was entered pursuant to the 1/31/13 Order on February 1, 2013, [dkt. no. 76,] and the Court entered a Decree of Foreclosure and Order of Sale on February 26, 2013.  [Dkt. no. 82.]

## **DISCUSSION**

In the instant Motion, Wolfe moves under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure for an order altering or amending the judgment entered by this Court in favor of Northern Trust pursuant to the 1/31/13 Order.

Rule 59(e) authorizes motions to alter or amend a judgment.  In the Ninth Circuit, a successful motion for reconsideration under Rule 59(e) must accomplish two goals.  First, it must demonstrate some reason that the Court should reconsider its prior decision.  Second, it must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision.  See White v. Sabatino, 424 F. Supp. 2d 1271, 1274 (D. Hawai`i, 2006); Na Mamo O'Aha 'Ino v. Galiher, 60 F. Supp. 2d 1058, 1059 (D. Hawai`i 1999).  The Ninth Circuit has set forth the grounds justifying reconsideration under Rule

59(e):
> In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). While a Rule 59(e) motion is not limited to those four grounds, alteration or amendment of a judgment is "an extraordinary remedy which should be used sparingly." Id. (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999) (en banc)).

Rule 60(b) of the Federal Rules of Civil Procedure permits relief from final judgments, orders, or proceedings. Such a motion may be granted on any one of six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60 reconsideration is generally appropriate in three instances: (1) when there has been an intervening change of controlling law; (2) new evidence has come to light; or (3) when necessary to correct a clear error or

prevent manifest injustice.  <u>School District No. 1J v. ACandS, Inc.</u>, 5 F.3d 1255, 1262 (9th Cir. 1993).  Like motions brought under Rule 59(e), Rule 60(b) motions are committed to the discretion of the trial court.  <u>Barber v. Hawai`i</u>, 42 F.3d 1185, 1198 (9th Cir. 1994) ("Motions for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) are addressed to the sound discretion of the district court.").

        In the instant Motion, Wolfe contends that he has newly discovered evidence, namely, 1,884 documents produced by Northern Trust on December 7, 2012.  Judgment was entered against Wolfe on February 1, 2013.  As such, the purported "newly discovered" evidence was not discovered after judgment was entered.  Because the evidence was in Wolfe's possession before judgment was rendered, it is not newly discovered for purposes of a post-judgment motion.  <u>See</u> <u>Feature Realty, Inc. v. City of Spokane</u>, 331 F.3d 1082, 1093 (9th Cir. 2003) ("Evidence in the possession of the party before the judgment was rendered is not newly discovered . . . .") (internal quotations omitted).

        Wolfe also argues that the 1/31/13 Order contained a "manifest error of law and fact" because he was prevented from adequately responding to Northern Trust's motions because the documents were not produced until after his opposition was due.  The Court notes, however, that Wolfe raised this argument during the January 22, 2013 hearing, and the Court expressly rejected it

in the 1/31/13 Order.  A party's mere disagreement with the Court does not justify reconsideration.  See Hele Ku KB, LLC v. BAC Home Loans Serv., LP, 2012 WL 1987165, *19 (D. Hawai`i May 31, 2012); Dep't of Educ. v. M.F., 2012 WL 639141, *1 (D. Hawai`i Feb. 28, 2012); White, 424 F. Supp. 2d at 1274.

To the extent Wolfe makes other arguments in his Motion which this Court has not specifically addressed, the Court finds that they likewise fail to demonstrate a basis for relief under either Rule 59(e) or 60(b).  The Court therefore DENIES Wolfe's Motion.

## CONCLUSION

On the basis of the foregoing, Wolfe's Motion for Relief Under FRCP Rules 59(e) and 60(b), filed on February 11, 2013, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, March 18, 2013.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**NORTHERN TRUST, NA V. KENNETH I. WOLFE; CIVIL NO. 11-00531 LEK-BMK; ORDER DENYING DEFENDANT/COUNTERCLAIMANT KENNETH I. WOLFE'S MOTION FOR RELIEF UNDER FRCP RULES 59(e) AND 60 (b)**