IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NORTHERN TRUST, NA, | ) | Civ. No. 11-00531 LEK-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO GRANT |
| vs. | ) | IN PART AND DENY IN PART |
| | ) | PLAINTIFF'S MOTION FOR |
| KENNETH I. WOLFE, | ) | ATTORNEYS' FEES AND COSTS |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN
PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS

Before the Court is Plaintiff Northern Trust, NA's Motion for

Attorneys' Fees and Costs (Doc. 79).  After careful consideration of the Motion

and the supporting and opposing memoranda, the Court finds and recommends that

Plaintiff's Motion be GRANTED IN PART and DENIED IN PART.[1]  The Court

recommends a fee award of $54,637.67 and recommends that Plaintiff's request for

costs be denied as moot.

FACTUAL BACKGROUND

On August 22, 2007, Defendant Kenneth I. Wolfe executed a

promissory note in favor of Plaintiff in the principal amount of $1,080,000.  (Ex. D

at 3.)  The note provides that Defendant shall pay "all principal and all accrued

---

[1] The Court elects to decide this Motion without a hearing, pursuant to Local Rule 7.2(d).

interest not yet paid" on August 22, 2010.  (Id. at 3-4.)  The note is secured by a mortgage on property in Kailua-Kona, Hawaii.  (Id. at 4.)  Defendant defaulted on the note by failing to make full payment when it was due.  (Id. at 4, 22.)

According to Defendant, Plaintiff had made oral promises to Defendant that, at the termination of the loan, it would allow him to obtain permanent financing without having to qualify and it would not foreclose on the property.  (Ex. C at 5.)

On August 30, 2011, Plaintiff filed this action, seeking foreclosure of the property securing the loan.  (Ex. D at 2.)  Defendant filed a Counterclaim, which was dismissed by the Court on May 31, 2012.  On September 6, 2012, Defendant filed his First Amended Counterclaim.  The Counterclaims are based on Plaintiff's alleged oral promises regarding permanent financing and foreclosure. (Ex. C.)  On January 31, 2013, the Court dismissed the First Amended Counterclaim and granted summary judgment in favor of Plaintiff.  (Ex. D.) Judgment was entered in Plaintiff's favor on February 1, 2013.  (Doc. 76.)

On February 15, 2013, Plaintiff filed the present Motion For Attorneys' Fees and Costs, seeking fees and costs incurred in defending against Defendant's Counterclaims.

<u>DISCUSSION</u>

2

I.          Attorneys' Fees

Plaintiff seeks an award of fees pursuant to Hawaii Revised Statutes § 607-14, "which provides that reasonable fees, as determined by the court, shall be taxed against the losing party 'in all actions in the nature of assumpsit.'"  Blair v. Ing, 31 P.3d 184, 186 (Haw. 2001) (quoting Haw. Rev. Stat. § 607-14). Additionally, the amount of fees awarded "shall not exceed twenty-five per cent of the judgment."  Haw. Rev. Stat. § 607-14.  Therefore, Plaintiff is entitled to attorneys' fees under section 607-14 if it establishes that (1) this action is in the nature of assumpsit, (2) Plaintiff is the prevailing party, (3) the requested fees are reasonable, and (4) the fees do not exceed 25% of the judgment.  Id.

A.        This Action is in the Nature of Assumpsit

"Under Hawaii case law, an action in the nature of assumpsit includes 'all possible contract claims.'"  Leslie v. Estate of Tavares, 994 P.2d 1047, 1051 (Haw. 2000) (citation omitted); see Blair, 31 P.3d at 189 ( "'Assumpsit' is 'a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations.'").  "The character of the action should be determined from the facts and issues raised in the complaint, the nature of the entire grievance, and the relief sought."  Blair, 31 P.3d at 189.  "Where there is

3

doubt as to whether an action is in assumpsit or in tort, there is a presumption that the suit is in assumpsit." Id.

The First Amended Counterclaim is premised on an alleged oral promise by Plaintiff to Defendant.  Defendant states that "Plaintiff told Defendant that when his loan terminated, he would get permanent financing from Plaintiff without his having to qualify again." (Ex. C at 5.)  Plaintiff also allegedly promised not to foreclose on the property.  (Id. at 13 (stating that Plaintiff "promise[d] that it would refinance his loan when it came due and would not institute foreclosure proceedings").)  According to the First Amended Counterclaim, "Plaintiff broke those promises by foreclosing on Defendant's property."  (Id.)

Two of the counts in the First Amended Counterclaim are clearly in the nature of assumpsit.  Count 5 asserts a breach of good faith and fair dealing, which alleges that Plaintiff violated its duty of good faith and fair dealing with respect to "[e]ach contract." (Ex. C at 12-13.)  Count 6 asserts a claim for promissory estoppel.  (Id. at 13.)  This Court has held that these claims are in the nature of assumpsit.  Au v. Funding Group, Inc., Civ. No. 11-00541 SOM-KSC, 2013 WL 1154211, at *4 (Feb. 19, 2013) ("The breach of contract and breach of promissory estoppel claims are clearly in the nature of assumpsit."); Skanning v.

4

Sorensen, Civ. No. 09-00364 DAE-KSC, 2009 WL 5449149, at *5 (Dec. 10, 2009) ("breach of implied covenant of good faith and fair dealing claim is in the nature of assumpsit").

The other counts in the First Amended Complaint are based on Plaintiff's alleged promises to refinance the loan and to not foreclose on the property.  District Judge Leslie E. Kobayashi noted that these counts are based on those promises in the order dismissing the First Amended Counterclaim.  As noted in that order:  Count 1 for unfair and deceptive acts or practices is "based upon Wolfe's attempt to modify the loan after the Note matured"; Count 2 for unconscionability is based on Defendant's allegations that Plaintiff "made unreasonable demands when he tried to modify his loan"; Count 3 for fraud and misrepresentation are based on the "representation that Wolfe would receive permanent financing without having to re-qualify, and . . . it did not intend to foreclose"; and Count 4 for negligence alleges that Plaintiff "was negligent in making the previously described representations" including Plaintiff's alleged promises "that it would work out a new loan with Wolfe and that it did not intend to foreclose."  (Ex. D at 30, 32-34.)  Because each of these counts arise from Plaintiff's alleged breach of its promises to refinance the property and to not foreclose, these counts are in the nature of assumpsit.  Accordingly, the Court finds

that all of the counts in the First Amended Complaint are in the nature of

assumpsit.  See Blair, 31 P.3d at 189 ( "'Assumpsit' is 'a common law form of

action which allows for the recovery of damages for non-performance of a

contract, either express or implied, written or verbal.'").

      B.     Plaintiff is the Prevailing Party

Hawaii Revised Statutes § 607-14 authorizes reasonable fees to be

paid "by the losing party" to the prevailing party.  Defendant does not dispute that

Plaintiff is the prevailing party.  Indeed, Plaintiff is the prevailing party, as it

obtained dismissal of the First Amended Counterclaim.

      C.     The Requested Fees are Reasonable

In a diversity case like this, Hawaii law determines the reasonableness

of attorneys' fees.  Carnes v. Zamani, 488 F.3d 1057, 1059 (9th Cir. 2007).  Hawaii

courts apply the "lodestar" method for determining reasonable fees.  DFS Group

LP v. Paiea Props, 131 P.3d 500, 505 (Haw. 2006).  The Hawaii Supreme Court

has defined the lodestar method as follows:

> In essence, the initial inquiry is "how many hours
> were spent in what manner by which attorneys."  The
> determination of time spent in performing services
> "within appropriately specific categories," is followed by
> an estimate of its worth.  "The value of an attorney's time
> generally is reflected in his normal billing rate."  But it
> may be "necessary to use several different rates for the
> different attorneys" and the reasonable rate of

compensation may differ "for different activities."  And when the hourly rate reached through the foregoing analysis is applied to the actual hours worked, a "reasonably objective basis for valuing an attorney's services" is derived.  The inquiry, however, does not end here, for other factors must be considered.  The product of the first and second steps nevertheless serves as the "lodestar" of the ultimate fee award.

The first of the factors to be considered for possible adjustment of the "lodestar" determination is "the contingent nature of success," a factor which may be of special significance where "the attorney has no private agreement that guarantees payment even if no recovery is obtained."  The second additional factor to be examined "is the extent, if any, to which the quality of an attorney's work mandates increasing or decreasing" the "lodestar" figure.  If the court decides an adjustment is justified on this basis, it "should set forth as specifically as possible the facts that support its conclusion."

Id. (citations, ellipses points, and brackets omitted).

1.     Reasonable Hourly Rate

A critical inquiry in determining a reasonable attorney's fee is the reasonable hourly rate.  Jordan v. Multnomah County, 815 F.2d 1258, 1262 (9th Cir. 1987).  "The prevailing market rate in the community is indicative of a reasonable hourly rate."  Id.

In establishing a reasonable hourly rate, Plaintiff must provide "satisfactory evidence, in addition to the affidavits of counsel, that the requested rates are in line with those prevailing in the community for similar services of

lawyers of reasonably comparable skill and reputation." <u>Jordan</u>, 815 F.2d at 1263. A description of each of attorney's experience, qualifications, contributions, and hourly rates is provided in the Affidavit of Michael C. Bird.  (Bird Affidavit ¶ 13.) Further, Exhibits H and I provide a comparison of the hourly rates of other attorneys and firms in Honolulu.  In light of evidence before the Court, the Court finds that the following requested hourly rates are in accord with those rates prevailing in the community for similar services of lawyers of comparable skill and reputation:  Michael C. Bird (partner) $305/hr; Jonathan W. Lai (partner) $300/hr, Tracey L. Kubota (associate) $200/hr, and Summer H. Fergerstrom (associate) $185. <u>Jordan</u>, 815 F.2d at 1263.

### 2.    Hours Reasonably Expended

"Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained." <u>Robinson v. Plourde</u>, 717 F. Supp. 2d 1092, 1098 (D. Haw. 2010).

Local Rule 54.3(d)(1) requires Plaintiff to provide detailed description of counsels' work performed in this case.  Exhibit G is an itemization and description of all work performed by Watanabe Ing LLP in securing judgment of

dismissal as to all of Defendant's Counterclaims, organized according to the categories specified in Local Rule 54.3(d)(1).  (Bird Affidavit ¶ 14.)  The categories include:  case development (4.7 hours), pleadings (5.6 hours), written discovery (27.7 hours), depositions (0.6 hours), prepare and draft motions (104.4 hours), prepare for and attend court hearings and conferences (79.8 hours), and trial preparation (2.6 hours).  (Id.)  According to Plaintiff, the time spent defending against Defendant's Counterclaims was necessary to protect Plaintiff's interests.  (Id. at ¶ 15.)

Defendant does not challenge any particular time entry as duplicative, excessive, redundant, or otherwise unnecessary.  Rather, Defendant's only argument is that defense counsel spent less time working on this case than Plaintiff's counsel spent in defending against the Counterclaims.  (Opp. at 7.)  However, after reviewing the detailed and categorized entries in Exhibit G, the Court finds that the amount of time Plaintiff's counsel spent in defending against the Counterclaims is reasonable.

In sum, the Court finds that Plaintiff's counsels' hourly rates are reasonable and that they spent a reasonable amount of time defending against the Counterclaims.  The lodestar amount, which multiplies the reasonable hourly rate by the reasonable hours expended, is $54,637.67.  Neither party argues that other

factors should increase or decrease the lodestar amount.  Consequently, the Court finds that the lodestar amount constitutes Plaintiff's reasonable attorneys' fees.

> D.      The Fees Do Not Exceed Twenty-five Percent of the Judgment

Lastly, section § 607-14 states that reasonable fees "shall not exceed twenty-five per cent of the judgment."  Under Hawaii law, "[t]he amount on which the fees are to be assessed is dependent on who obtains the judgment – the judgment amount (exclusive of costs) if plaintiff or counterclaimant prevails, and the amount sued for if the defendant or counterclaimee wins."  Rodrigues v. Chan, 705 P.2d 67, 71 (Haw. Ct. App. 1985).  Thus, this Court's award of attorneys' fees shall not exceed twenty-five percent of the amount Defendant sued for in his First Amended Counterclaim.

Defendant does not dispute that the requested fees are less than twenty-five perfect of the amount he sued for.  In the First Amended Counterclaim, Defendant alleges that he obtained a loan by Plaintiff in the principal amount of $1,080,000.  (Exhibit C at 4.)  He also claims that Plaintiff promised it "would not institute foreclosure proceedings" but that "Plaintiff broke those promises by foreclosing on Defendant's property."  (Id. at 13.)  Defendant sought damages for Plaintiff's alleged breach of its promises regarding the loan.  (Id. at 16.)

Plaintiff seeks $52,179.00 in attorneys' fees and $2,458.67 in general excise tax, for a total amount of $54,637.67.  This amount is 5.06% of $1,080,000, which is well below the 25% maximum recoverable attorneys' fees under Hawaii Revised Statues § 607-14.  Therefore, the Court finds that Plaintiff's requested fees do "not exceed twenty-five per cent of the judgment."  Haw. Rev. Stat. § 607-14.

In sum, Plaintiff has established that this action is in the nature of assumpsit, that it is the prevailing party, that its requested fees are reasonable, and that those fees do not exceed 25% of the judgment.  Accordingly, the Court recommends that Plaintiff is entitled to fees under Hawaii Revised Statutes § 607-14 in the amount of $54,637.67.[2]

II.        Costs

Plaintiff also seeks an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1).  Plaintiff seeks to recover $117.78 in costs, which are detailed in the Bill of Costs that is attached as Exhibit F and was filed separately as Document 80.  Absent any objection to the Bill of Costs, the Clerk of Court taxed those costs on March 5, 2013.  (Doc. 85.)  Because these costs have already been

---

[2] Plaintiff alternatively seeks fees under Hawaii Revised Statutes § 607-14.5.  However, because this Court recommends a fee award under § 607-14, the Court does not address Plaintiff's request under § 607-14.5.

taxed by the Clerk of Court, the Court recommends that Plaintiff's request be denied as moot.

## CONCLUSION

For the foregoing reasons, the Court finds and recommends that Plaintiff's Motion for Attorneys' Fees and Costs (Doc. 79) be GRANTED IN PART AND DENIED IN PART.  The Court recommends that Plaintiff be granted an award of fees in the amount of $54,637.67 and that Plaintiff's request for costs be denied as moot.

Northern Trust, NA v. Wolfe, Civ. No. 11-00531 LEK-BMK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS.

DATED:  Honolulu, Hawaii, April 30, 2013.

IT IS SO ORDERED.



  /S/ Barry M. Kurren

Barry M. Kurren
United States Magistrate Judge

<u>Northern Trust, NA v. Wolfe</u>, Civ. No. 11-00531 LEK-BMK; FINDINGS AND
RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION
FOR ATTORNEYS' FEES AND COSTS.