470447.3

WATANABE ING LLP
A Limited Liability Law Partnership

| | |
|---|---|
| MICHAEL C. BIRD | #5935-0 |
| JONATHAN W. Y. LAI | #6504-0 |
| SUMMER H. FERGERSTROM | #9599-0 |

First Hawaiian Center
999 Bishop Street, 23rd Floor
Honolulu, Hawaii 96813
Telephone No.: (808) 544-8300
Facsimile No.: (808) 544-8399

Attorneys for Plaintiff
**NORTHERN TRUST, NA**

IN THE UNITED STATES DISTRICT CIRCUIT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| NORTHERN TRUST, NA,<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH I. WOLFE,<br><br>Defendant. | CIVIL NO. CV 11-00531 LEK/BMK (FORECLOSURE)<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF NORTHERN TRUST, NA'S MOTION FOR CONFIRMATION OF SALE, DIRECTING DISTRIBUTION OF PROCEEDS, FOR DEFICIENCY JUDGMENT, WRIT OF POSSESSION AND DISPOSAL OF PERSONAL PROPERTY FILED MAY 16, 2013 [Doc. # 97]; EXHIBIT "A"<br><br>Hearing:<br>Date: July 11, 2013<br>Time: 9:30 a.m.<br>Judge: Hon. Barry M. Kurren |

**FINDINGS AND RECOMMENDATION
TO GRANT IN PART AND DENY IN PART PLAINTIFF
NORTHERN TRUST, NA'S MOTION FOR CONFIRMATION
OF SALE, DIRECTING DISTRIBUTION OF PROCEEDS, FOR
DEFICIENCY JUDGMENT, WRIT OF POSSESSION AND
<u>DISPOSAL OF PERSONAL PROPERTY FILED MAY 13, 2013 [Doc. # 97]</u>**

Plaintiff NORTHERN TRUST, NA's Motion for Confirmation of Sale, Directing Distribution of Proceeds, for Deficiency Judgment, Writ of Possession and Disposal of Personal Property filed May 16, 2013 (the "Motion") came on for hearing before the Honorable Barry M. Kurren, the Judge of the above-entitled Court, at 9:30 a.m. on July 11, 2013.  Jonathan W.Y. Lai and Summer H. Fergerstrom appeared on behalf of Plaintiff NORTHERN TRUST, NA ("Plaintiff"), John H. Paer appeared on behalf of Defendant KENNETH I. WOLFE ("Defendant"), and John L. Olson appeared as the duly-appointed commissioner (the "Commissioner").  No further appearances were made at the hearing on the Motion.

Based upon the Commissioner's Report filed on May 2, 2013, the Supplemental Declaration of John L. Olson filed on June 7, 2013, the Second Supplemental Declaration of John L. Olson filed June 24, 2013, the records and files in this action, and after oral argument on the merits of the Motion, the Court hereby makes the following findings and recommendations:

1.  That the Commissioner has done all things required of him by law and orders of this Court with regard to the property situated at Maniniowali

Phase II, Lot 17, Kailua-Kona, Hawaii 96740, with the current address of 72-3184 Alapii Kula Drive, Kailua-Kona, Hawaii 96740, Tax Map Key No. (3) 7-2-033-006 (the "Mortgaged Property");

    2.    That the sale of the Mortgaged Property under that certain Decree of Foreclosure and Order of Sale; Exhibit "A" filed on February 26, 2013 was properly advertised by the Commissioner in accordance with the law and orders of this Court, including Chapter 667 of the Hawaii Revised Statutes, as amended;

    3.    That the Mortgaged Property was sold to Plaintiff for a bid price of EIGHT HUNDRED SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($875,000.00), which purchase price is fair and reasonable under the circumstances;

    4.    That Defendant owes to Plaintiff the following amounts as to the Note, calculated to May 10, 2013, with interest accruing at the rate of 5.000% per annum from 07/22/10 through 08/30/11, and interest accruing at the rate of 8.000% per annum from 08/31/11 through 05/10/13, plus any accruing late charges and/or advances, up to the date of escrow closing:

| | | |
|---|---|---|
| A. | Principal Balance | $ 1,069,079.32 |
| | Unpaid Accrued Interest at 5.000%, From 07/22/10 Through 08/30/11 | $ 59,311.93 |
| | Unpaid Accrued Interest at 8.000%, From 08/31/11 Through 05/10/13 | $ 144,575.44 |
| | **TOTAL:** | **$ 1,272,966.69** |

    B. Additional interest at $234.32 per diem after 05/10/13, to the date of entry of the deficiency judgment.

    C. Attorneys' fees and costs for the foreclosure action in the following amounts, which the Court finds reasonable, and which includes the Court's 25% reduction in Plaintiff's attorneys' fees only:

| | | |
|---|---|---:|
| (a) | Attorneys' fees: | $ 81,109.91 |
| (b) | Less 25% reduction in attorneys' fees by court: | (20,277.48) |
| (c) | Costs: | 3,607.53 |
| | **TOTAL:** | **$ 64,439.96** |

    D. Previously, the Court awarded Plaintiff $54,637.67[1] for attorneys' fees and $117.78 for costs[2] in defending Plaintiff against Defendant's Counterclaims.

    5. Based on these findings, the Court recommends the following:

    A. That the sale of the Mortgaged Property to Plaintiff or its written nominee, for the purchase price designated above, is hereby confirmed and that, upon cash payment of the sums provided herein, the Commissioner is authorized and directed to execute and deliver to Plaintiff or its written nominee

---

[1] ECF No. 91, Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorneys' Fees and Costs (recommending a fee award of $54,637.67 and denying Plaintiff's request for costs as moot in light of ECF No. 85 entering costs in the amount of $117.78 against Defendant); ECF No. 98, Order Adopting Magistrate Judge's Findings and Recommendation (adopting ECF No. 91).

[2] ECF No. 85. (entering costs in the amount of $117.78 against Defendant).

documents conveying the Mortgaged Property. The description of the Mortgaged Property appears as the annexed Exhibit "A" attached hereto.

    B. That the Commissioner is authorized and directed to disburse the sale proceeds relating to the Mortgaged Property, in the following order of priority:

    (1) To the Commissioner, John L. Olson, Esq., his Commissioner's fees and costs in the following amounts, which the Court finds reasonable:

| | | | |
|---|---|---|---:|
| (a) | Commissioner's fees: | $ | 5,338.51 |
| (b) | Costs: | | 1,368.06 |
| | **TOTAL:** | **$** | **6,706.57** |

    (2) To Watanabe Ing LLP, attorneys for Plaintiff, attorneys' fees and costs in the following amounts for defending Plaintiff as to Defendant's Counterclaims:

| | | | |
|---|---|---|---:|
| (a) | Attorneys' fees: | $ | 54,637.67[3] |
| (b) | Costs: | | 117.78[4] |
| | **TOTAL:** | **$** | **54,755.45** |

---

[3] ECF No. 91, Findings and Recommendation to Grant in Part and Deny in Part Plaintiff's Motion for Attorneys' Fees and Costs (recommending a fee award of $54,637.67 and denying Plaintiff's request for costs as moot in light of ECF No. 85 entering costs in the amount of $117.78 against Defendant); ECF No. 98, Order Adopting Magistrate Judge's Findings and Recommendation (adopting ECF No. 91).

[4] ECF No. 85. (entering costs in the amount of $117.78 against Defendant).

    (3) To Watanabe Ing LLP, attorneys for Plaintiff, attorneys' fees and costs in the following amounts for the foreclosure action, which the Court finds reasonable, and which includes the Court's 25% reduction in Plaintiff's attorneys' fees only:

| | | | |
|---|---|---|---:|
| (a) | Attorneys' fees: | $ | 81,109.91 |
| (b) | Less 25% reduction in attorneys' fees by court: | | (20,277.48) |
| (c) | Costs: | | 3,607.53 |
| | **TOTAL:** | **$** | **64,439.96** |

    (4) To Plaintiff, in the following amounts as to the Note, calculated to May 10, 2013, with interest accruing at the rate of 5.000% per annum from 07/22/10 through 08/30/11, and interest accruing at the rate of 8.000% per annum from 08/31/11 through 05/10/13, plus any accruing late charges and/or advances, up to the date of escrow closing:

| | | |
|---|---|---:|
| Principal Balance | $ | 1,069,079.32 |
| Unpaid Accrued Interest at 5.000%, From 07/22/10 Through 08/30/11 | $ | 59,311.93 |
| Unpaid Accrued Interest at 8.000%, From 08/31/11 Through 05/10/13 | $ | 144,575.44 |
| **TOTAL:** | **$** | **1,272,966.69** |

    (5) Additional interest at $234.32 per diem after May 10, 2013 at the rate of 8.000% per annum to the closing of the sale.  Thereafter, interest shall continue to accrue on the remaining amounts owed at the rate of 8.000% per annum until the date of entry of the deficiency judgment.

C. That upon closing of escrow and recordation of the proper instruments of conveyance to Plaintiff or its written nominee, Plaintiff or its written nominee shall be entitled to immediate and exclusive possession of the Mortgaged Property and that the Sheriff, or his duly authorized Deputy, or any authorized officer, is hereby commanded upon the request of Plaintiff or its written nominee to put Plaintiff or its written nominee in immediate and exclusive possession of the Mortgaged Property and to remove all unauthorized persons and their personal belongings from said premises and a Writ of Possession may issue accordingly.

D. This Court reserves jurisdiction to render such further orders as are necessary and appropriate to put Plaintiff or its written nominee in immediate and exclusive possession of the Mortgaged Property and/or to remove unauthorized persons therefrom.

E. That since the proceeds from the sale of the Mortgaged Property are insufficient to fully satisfy the amounts due to Plaintiff, that a deficiency judgment be entered in favor of Plaintiff and against Defendant KENNETH I. WOLFE. Said Deficiency Judgment is hereby ordered and will be entered upon submission of a proper declaration(s) reflecting the foreclosure closing and partial payment of the Note.

      F.     That the Commissioner is permitted to dispose of any abandoned personal property found in and on the Mortgaged Property in a reasonable manner at his discretion.

      G.     That upon performance of all acts required of the Commissioner and filing of receipts from all parties to whom the Commissioner is required to make disbursements, the Commissioner shall then be discharged from all further duties and responsibilities herein.

      H.     That all parties and all persons claiming any interest in the Mortgaged Property, through or under the named defendant as well as any and all other or further encumbrances on the Mortgaged Property or any part thereof, whose interest arises from and after September 1, 2011, the date of recording of Plaintiff's First Amended Notice of Pendency of Action in the Bureau of Conveyances of the State of Hawaii, shall be forever barred and foreclosed of and from any and all right, title and interest, and all claims at law or in equity in and to the Mortgaged Property and every part thereof arising up to the date of closing.

      I.     That pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the foregoing shall be considered as a final order and judgment and there shall be no just reason for delay.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, July 23, 2013.



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

---

NORTHERN TRUST, NA v. KENNETH I. WOLFE; CIVIL NO. CV 11-00531 LEK/BMK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF NORTHERN TRUST, NA'S MOTION FOR CONFIRMATION OF SALE, DIRECTING DISTRIBUTION OF PROCEEDS, FOR DEFICIENCY JUDGMENT, WRIT OF POSSESSION AND DISPOSAL OF PERSONAL PROPERTY FILED MAY 13, 2013 [Doc. 97]; EXHIBIT "A"