IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NORTHERN TRUST, NA<br><br>Plaintiff,<br><br>vs.<br><br>KENNETH I. WOLFE,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civ. No. 11-00531 LEK-BMK<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

ORDER DENYING MOTION FOR RECONSIDERATION

Before the Court is Defendant Kenneth I. Wolfe's ("Wolfe") Motion for Reconsideration of the Court's July 24, 2013 Findings and Recommendation To Grant in Part and Deny in Part Plaintiff Northern Trust, NA's ("Northern Trust") Motion for Confirmation Of Sale. (Docs. # 110, 109.) After careful consideration of the motion and the supporting and opposing memoranda, the Court DENIES the motion.[1] Specifically, the Court concludes that: 1) Northern Trust's failure to serve the proposed findings and recommendations on Wolfe did not prejudice him; and 2) the Court did not erroneously apply an 8% interest rate.

---

[1] Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

BACKGROUND

On August 30, 2011, Northern Trust filed the instant action seeking foreclosure of property. (Doc. # 75 at 2.) On August 2, 2007, Wolfe executed a Promissory Note in favor of Northern Trust in the amount of $1,080,000 at an interest rate of 7%. (Id. at 3.) The note is secured by a mortgage on the property that is the subject of this dispute. (Id. at 3.)

On January 31, 2013, the Court issued its Order Granting Northern Trust's Motion for Summary Judgment and Granting Northern Trust's Motion to Dismiss Defendant's First Amended Counterclaim. (Id.) Therein, the Court granted Northern Trust's motion for summary judgment, and applied a 5% interest rate from July 22, 2010 to August 30, 2011, and an 8% interest rate from August 31, 2011 to August 6, 2012. (Id. at 23.) In doing so, the Court relied on the affidavit of Shawn Roland, and found that Northern Trust established the amounts owing under the note. (Id. at 24-25.)

On February 26, 2013, the Court entered its Decree of Foreclosure and Order of Sale, and the property was sold at public auction on April 23, 2013. (Docs. # 82, 93.)

On May 16, 2013, Northern Trust filed its Motion for Confirmation of Sale (Doc. # 97.) The Court issued its Findings and Recommendation granting in

part and denying in part that motion on July 24, 2013. (Doc. # 109.) The Court found that Wolfe owed Plaintiff $144,575.44 interest calculated at 8% from August 31, 2011 to May 10, 2013. (Id. at 3.)

On August 7, 2013, Wolfe filed his motion to reconsider the Court's July 24 Findings and Recommendation, asserting that: 1) Northern Trust failed to serve the proposed findings and recommendations on him; and 2) the Court improperly used an 8% interest rate from August 31, 2011 to date. (Doc. # 110.) As discussed below, the Court denies the motion for reconsideration.

DISCUSSION

A motion for reconsideration must (1) "demonstrate reasons why the court should reconsider its prior decision" and (2) "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Hele Ku KB, LLC v. BAC Home Loans Servicing, LP, 873 F. Supp.2d 1268, 1289 (D. Haw. 2012). The Ninth Circuit has held that reconsideration is appropriate if (1) the district court is presented with "newly discovered evidence," (2) the district court "committed clear error or the initial decision was manifestly unjust," or (3) "if there is an intervening change in controlling law." Nunes v. Ashcroft, 375 F.3d 805, 807 (9th Cir. 2004). "Whether or not to grant reconsideration is committed to the sound discretion of the court." Navajo Nation v. Confederated Tribes & Bands

of the Yakama Indian Nation, 331 F.3d 1041, 1046 (9th Cir. 2003).

First, the Court denies Wolfe's motion for reconsideration because he has not shown that he was prejudiced by Northern Trust's failure to serve the proposed findings and recommendations on him. Local Rule 58.2 states that "within seven days after the announcement of the decision of the court awarding any judgment or order that requires settlement and approval as to form by the judge, the prevailing party shall prepare a draft of the order or judgment embodying the court's decision and serve a copy thereof upon each party who has appeared in the action and mail or deliver a copy to the judge and to the clerk." Northern Trust argues that this local rule is inapplicable because it applies only to "orders" and "judgments," rather than to the Court's July 24 Findings and Recommendations. (Doc. # 112 at 6-7.) The Court concludes that even assuming the local rule applies, Wolfe has not shown that he was harmed by Northern Trust's failure to serve the proposed findings and recommendations. See Fed. R. Civ. Proc. Rule 61 ("At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."). As discussed below, the Court rejects Wolfe's arguments regarding the Court's application of the 8% interest rate, and Wolfe has not pointed to any other error in the Court's July 24, 2013 Findings and Recommendations. Therefore, any error by Northern

Trust in failing to serve the proposed findings is harmless.

Second, the Court declines to reconsider its use of the 8% interest rate from August 31, 2011 to date. Initially, the Court notes that its January 31, 2013 Order utilizes the 8% interest rate from August 31, 2011 to August 6, 2012. (Doc. # 75 at 23.) Wolfe urges the Court to reconsider District Judge Leslie E. Kobayashi's January 31, 2013 Order. (Doc. # 110 at 5.) However, this motion to reconsider the Court's July 24 Findings and Recommendation is not the appropriate vehicle to ask for reconsideration of its January 31 Order.

With respect to the interest rate between August 6, 2012 to date, the Court concludes that Wolfe has not shown any agreement to lower the interest rate to 5%. In his opposition to the motion to confirm the foreclosure sale, Wolfe argued that the parties agreed to a 5% interest rate. (Doc. # 103 at 4.) The Court rejected this argument in its July 24 findings, but Wolfe now argues that recent loan statements indicate that the interest rate is 5%. (Doc. # 110, Ex. A.)

Northern Trust argues that the loan statements were issued in error and that they do not modify the default interest rate of 8%. (Doc. # 112 at 9.) Northern Trust has produced the declaration of Jonathan Ukeiley, Vice President of The Northern Trust Company, who avers that Wolfe's interest rate was 8% and that the automated statements using the 5% interest rate were generated in error.

(Doc. # 112, Ukeiley Decl. ¶¶ 7, 8.)

The Court concludes that Wolfe has not shown any agreement to lower the interest rate to 5% or that the 5% interest rate is correct. Although Wolfe relies on Corvello v. Wells Fargo Bank N.A. to assert that Northern Trust's statements are binding, that case is inapposite because it was decided in a different context and does not deal with loan statements. See Civ. No. 11–16234, 2013 WL 4017279, at *4 (9th Cir. Aug. 8, 2013) ("The issue we must decide is whether the bank was contractually obligated under the terms of the [trial period plan] to offer a permanent modification to borrowers who complied with the TPP by submitting accurate documentation and making trial payments.").

Moreover, although the parties dispute whether the Court's January 31 Order conclusively established that the 8% interest rate applies to date, the January 31 Order credits the affidavit of Shawn Roland and uses it to compute the interest rate. (Doc. # 75 at 24-25) ("The Court finds that Roland's authentication of the Pay-off Statement, Monthly Loan Statements, and Loan Ledger is sufficient evidence of the amount outstanding under the Note and Mortgage."). The Roland Affidavit states that "[e]ffective April 22, 2008 through August 30, 2011, interest accrued at the interest rate of 5.000% . . . ." (Doc. # 112 Ex. 2 at ¶ 16.) Because Wolfe defaulted, "the interest rate increased by 3.000 percentage points from

5.000% to 8.000% per annum . . . ." (Id. at ¶ 20.) Wolfe has not shown why the default interest rate of 8% no longer applies. Therefore, the Court denies his motion for reconsideration.

CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's motion for reconsideration.

DATED: Honolulu, Hawaii, September 18, 2013.

IT IS SO ORDERED.




/s/ Barry M. Kurren
United States Magistrate Judge

Northern Trust, NA v. Wolfe, Civ. No. 11-00531 LEK-BMK, ORDER DENYING MOTION FOR RECONSIDERATION